# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DUSTIN L. DINGMAN, BAR NO. 7678.

No. 72370

**FILED**

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Dustin L. Dingman. Under the agreement, Dingman admitted to violations of RPC 1.15(a) (safekeeping property in trust account), RPC 1.15(b) (commingling funds), RPC 1.15(d) (notice and delivery of funds), and RPC 1.15(e) (holding disputed property). The agreement provides for a six-month-and-one-day suspension, the payment of $38,015.49 in restitution, payment of the costs of the disciplinary proceedings, and completion of 15 Continuing Legal Education (CLE) credits in the area of law-office management.

The State Bar has the burden of showing by clear and convincing evidence that Dingman committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, Dingman has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Dingman violated the above-referenced rules by misappropriating client funds from his trust account.

17-30360

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Dingman admitted violating duties owed to his clients (safekeeping property), but the admitted violations reflect negligent misconduct as the misappropriation of funds was a result of Dingman's assistant failing to pay out client settlement funds. Dingman's clients were harmed because they have not received funds owed to them. There are two aggravating circumstances (multiple offenses and substantial experience in the practice of law) and five mitigating circumstances (absence of prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify consequences of misconduct, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and remorse). SCR 102.5.

Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension, *see id.* Standard 4.42(b), Standard 4.12. Considering the duties violated, the injury caused by Dingman's misconduct, and the aggravating and mitigating circumstances, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Dustin L. Dingman from the practice of law in Nevada for a period of six months and one day. Prior to applying for reinstatement, Dingman must pay restitution as provided in the plea agreement, attend in person and complete 15 CLE credits in law-office management and report those credits directly to the Office of Bar Counsel, and engage in no further conduct constituting a violation of the Nevada Rules of Professional Conduct. Dingman shall also pay the costs of the disciplinary proceedings including $2,500 pursuant to SCR 120, $139.75 in bank record costs, $3,216.25 in trust account audit costs, and the court reporter costs. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                 Gibbons

_____, J.          _____, J.
Pickering                               Hardesty

_____, J.          _____, J.
Parraguirre                             Stiglich

cc:  Chair, Southern Nevada Disciplinary Board
     Dingman Law Offices
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

